IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD A. KING, | No. C 05-3666 WHA (PR) |
|     Petitioner, | **ORDER TO SHOW CAUSE AND PARTIAL DISMISSAL** |
|   v. | |
| GEORGE M. GALAZA, Warden, | |
|     Respondent. | |

This case was opened when petitioner submitted a document headed "Motion to Recall." Although there was reason to believe it might have been intended for a state court, it was headed "United States District Court for the Northern District of the State of California," and the envelope in which it was sent was addressed to this court. The petition therefore was dismissed with leave to amend to file a proper petition on the court's form, if petitioner indeed intended to file here. Petitioner has done so.

The amended petition contains two claims, that (1) petitioner's Sixth Amendment rights were violated when the facts necessary to impose the upper term of the sentencing range provided by California law were found by the sentencing court rather than by a jury; and (2) the consecutive sentence for mayhem should have been stayed under Section 654 of the California Penal Code. The second of these claims is a state-law claim which cannot be the basis for habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It will be dismissed.

///

As to the first claim, plaintiff relies on *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004), in which the Court held that the right to jury trial limits the maximum sentence a judge can impose to that which he or she could impose without any additional findings beyond those made by the jury. *Id.* at 303-04. Since then the Court has decided *Cunningham v. California*, 127 S. Ct. 856, 871(2007), holding that its decisions from *Apprendi* to *Booker* point to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum, so California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence. Although it may be that *Cunningham* is a "new rule" that cannot be applied in collateral proceedings, *see Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) (*Blakely* is new constitutional rule of criminal procedure which is not applicable retroactively on habeas review), this claim would be sufficient to proceed, were it not for the possible exhaustion problem discussed below.

Petitioner completed direct review in 2004, he says. This certainly was before the decision in *Cunningham*, and may have been before the one in *Blakely*, and the opinion in petitioner's case by the California Court of Appeal does not mention such a claim. *See People v. King,* 2002 WL 228865 (Cal. App. 2002). It thus is very unlikely that he has exhausted this claim by way of direct review. And petitioner alleges in the petition that he has filed no state habeas petitions. It therefore seems possible that he has not exhausted the claim.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available[1] with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

2

Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner has not met that burden here.

## CONCLUSION

1. Petitioner's second issue, regarding staying the mayhem sentence, is **DISMISSED**.

2. Within thirty days of the date this order is entered, petitioner shall show cause why this case should not be dismissed for failure to exhaust. If he does not respond, or if he is unsuccessful in showing cause, the case will be dismissed without prejudice to refiling it after exhaustion.[2]

3. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August   12  , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.05\KING666.OSC-P-EXH.wpd

---

[2] That such a dismissal would be without prejudice would not, however, affect the operation of the statute of limitations. Petitioner is cautioned that petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or expiration of the time for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the United States Supreme Court, if the right was newly recognized and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).