IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD A. KING, | No. C 05-3666 WHA (PR) |
| Petitioner, | **ORDER FOR RESPONDENT TO SHOW CAUSE** |
| v. | |
| GEORGE M. GALAZA, Warden, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. In the initial review order one of the two claims was dismissed as not presenting a federal ground for relief. The other issue, a claim that petitioner's Sixth Amendment rights were violated when the facts necessary to impose the upper term of the sentencing range provided by California law were found by the sentencing court rather than by a jury, appeared not to be exhausted, so petitioner was ordered to show cause why the petition should not be dismissed for failure to exhaust.

Upon review of the materials petitioner has filed, it appears that his petition for review directed to the Supreme Court of California did include the second issue, although apparently his appeal as submitted to the California Court of Appeal did not. This is sufficient to satisfy the order for petitioner to show cause why the petition should not be dismissed. An order for respondent to show cause why the petition should not be granted will issue.

**CONCLUSION**

1. Petitioner has shown, at least provisionally, that he has exhausted. The order to show cause directed to petitioner is **DISCHARGED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: April   21  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.05\KING666.OSC-R.wpd