IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD A. KING, | No. C 05-3666 WHA (PR) |
| Petitioner, | **ORDER LIFTING STAY; DENYING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| GEORGE M. GALAZA, Warden, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. The case was stayed in 2008 and administratively closed. Good cause appearing, the stay is **LIFTED**, and for the reasons discussed below, the petition for a writ of habeas corpus is **DENIED**.

The only remaining issue in the case is whether the sentencing court violated *Cunningham v. California*, 127 S. Ct. 856, 871 (2007), in imposing an upper term and consecutive sentences. In the answer, respondent argues that facts relied upon by the state trial court to impose the upper term – namely that petitioner was on parole at the time of the offense and had a prior grant of probation revoked – fell within the "prior conviction" exception to the *Cunningham* rule that sentencing facts must be found by a jury rather than the court. Such arguments were rejected in *Butler v. Curry*, 528 F.3d 624 (9th Cir. 2008), and later in *Estrella v. Ollison*, No.10-56203, slip op. 21495, 21500 (9th Cir. Dec. 29, 2011). However, because there has been no such holding from the United States Supreme Court, and other courts have held to the contrary, the Ninth Circuit has determined that it is not an unreasonable application of clearly established Supreme Court authority within the meaning of 28 U.S.C. 2254(d)(1) for a

state court to find that such facts fall within the "prior conviction" exception to the *Cunningham* rule. *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678 (9th Cir. 2009). Consequently, federal habeas relief is not warranted under 28 U.S.C. 2254(d)(1) based upon petitioner's claim of *Cunningham* error.

Petitioner's claim also fails for an alternative reason. Even if there were *Cunningham* error, such error was harmless. Failure to submit a sentencing factor to the jury is not structural error, and therefore is subject to harmless-error analysis. *Washington v. Recuenco*, 548 U.S. 212, 221-22 (2006). The error is harmless unless it had a "substantial and injurious effect" on the sentence. *See Brecht v. Abrahamson*, 507 U.S. 619 (1993). The fact that petitioner had prior convictions, was on parole at the time of the offense, and had prior probations revoked, was demonstrated at sentencing by petitioner's probation report. These facts were not disputed or contradicted by any other evidence at sentencing, nor is there any dispute about the truth of these facts here. Under California law, any one of these facts is sufficient on its own to support imposing the upper term. *See* Cal. Rule Ct. 421(a). Under these circumstances it is very likely that the jury would have found factors supporting the upper term if they and not the trial judge had been charged with that decision. Consequently, even if there was error under *Cunningham*, such error did not have a substantial and injurious effect on the sentence petitioner received, and federal habeas relief is not warranted on this claim.

For these reasons, the petition for a writ of habeas corpus is **DENIED**. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: February  15 , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.05\KING666.RUL.wpd